UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM GENTRY FRISKE, JR.,

        Plaintiff,                              Case No. 07-13747

v.                                                Gerald E. Rosen
                                                U.S. District Judge

WARDEN SCUTT, et al,

                                               Michael Hluchaniuk
       Defendants.                       U.S. Magistrate Judge

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S REQUEST FOR
<u>ENTRY OF DEFAULT JUDGMENT</u>**

Plaintiff, William Friske, Jr., a prisoner in the custody of the State of Michigan, filed an amended complaint pursuant to 42 U.S.C. § 1983 against defendants, alleging that they violated his constitutionally rights. (Dkt. # 6). Returns of service were filed plaintiff's amended complaint, filed on October 10, 2007. (Dkt. # 13, 14, 15). Defendants' answer was due January 22, 2008. *Id*. Plaintiff filed a request for clerk's entry of default and for a default judgment on April 11, 2008. (Dkt. # 19). The clerk's office denied the request for entry of default pursuant to 42 U.S.C. § 1997e(g). (Dkt. # 20). Plaintiff has filed a "response" to the notice of denial of clerk's entry of default stating that defendants

have not provided any notice of their "waiver of reply" under § 1997e(g). (Dkt. # 21). Via separate order, the undersigned has ordered defendants to answer or otherwise respond to plaintiff's complaint.

To the extent that plaintiff's request for entry of default judgment (Dkt. # 19) remains pending, the undersigned recommends that the Court **DENY** such request because no default was first entered by the clerk of the court as required by Rule 55.[1] Wright, Miller & Kane, 10A Fed. Prac. & Proc. Civ.3d § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); *Hickman v. Burchett*, 2008 W.L. 926609, *1 (S.D. Ohio 2008) ("entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).") (internal quotation marks omitted, collecting cases). Further, "§ 1997e(g) bars plaintiff from obtaining an entry of default ... because defendants have no obligation to reply to the complaint until ordered by the court." *Stevenson v. MDOC*, 2007 W.L. 1202310, *1 (W.D.

---

[1] A motion for default judgment is dispositive because it is "substantially similar to several of the listed motions" is 28 U.S.C. § 636(b)(1)(A). *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). If a motion is dispositive, a magistrate judge may issue only proposed findings and recommended dispositions in response to that motion. *See* 28 U.S.C. § 636(b)(1)(B). Only a district court judge can issue a dispositive order. *Id.*

Mich. 2007). Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that plaintiff's request for entry of default judgment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served on this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed twenty (20) pages in length unless such page limitation is extended by the Court. The response shall address specifically, and in the same order raised, each issue

contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

|  |  |
|---|---|
| Date: May 12, 2008 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

# CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: not applicable, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: William Friske, Jr., #236923, Parnall Correctional Facility, 1790 E. Parnall, Jackson, MI 49201-7139, Office of the Attorney General - Corrections Div., Grandview Plaza Bldg., P.O. Box 30003, Lansing, MI 48909, Patricia Caruso - Director MDOC, P.O. Box 30003, Lansing, MI 48909,Resident Unit Manager Barlow, G. Robert Cotton Corr. Facility, 3500 N. Elm Rd., Jackson, MI 49201,Librarian Cooke, G. Robert Cotton Corr. Facility, 3500 N. Elm Rd., Jackson, MI 49201,.

> s/James P. Peltier
> Courtroom Deputy Clerk
> U.S. District Court
> 600 Church Street
> Flint, MI 48502
> (810) 341-7850
> pete_peltier@mied.uscourts.gov