UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM GENTRY FRISKE, JR.,

    Plaintiff,                             Case No. 07-13747

v.                                           Gerald E. Rosen
                                            U.S. District Judge

WARDEN SCUTT, *et. al.*,

                                            Michael Hluchaniuk
    Defendants.                  U.S. Magistrate Judge
_____/

**ORDER GRANTING DEFENDANTS'
MOTIONS TO SEAL DOCUMENTS**

**I.    PROCEDURAL HISTORY**

Plaintiff, William Friske, Jr., a prisoner in the custody of the State of Michigan, filed an amended complaint pursuant to 42 U.S.C. § 1983 against defendants, alleging that they violated his constitutional rights. (Dkt. 1, 6).[1] Plaintiff complains that his legal materials were improperly confiscated and

---

[1] Plaintiff's original complaint (Dkt. 1) was in the form of a motion for preliminary injunction. On October 5, 2007, plaintiff filed a motion to amend the preliminary injunction, add defendants, and assert his claims for retaliation. (Dkt. 6). This submission was treated, at least in part, as plaintiff's first amended complaint. *Id.*

1

destroyed by prison officials because they were "Uniform Commercial Code" materials. (Dkt. 1, p. 5).

On June 4, 2008, defendants filed a motion for summary judgment in which they explain that plaintiff's UCC materials were properly confiscated because plaintiff's possession of these documents violates MDOC Policy Directive 05.03.118, which prohibits a prisoner from possessing documents for the purpose of operating a business enterprise. (Dkt. 25, p. 2). The confiscation was the subject of an administrative hearing, where the hearing officer determined that the documents were properly confiscated because they could be used to facilitate criminal activity (the filing of fraudulent liens is a felony under Michigan law) or to operate a business enterprise from the prison facility. *Id*. at 2-3. Defendants assert that plaintiff does not hold any legitimate security interests with any third-parties and that plaintiff's attempt to copyright his name and then file "liens" against anyone who uses his name is not a legitimate use of UCC materials and could be a felony. *Id*.

In conjunction with their motion for summary judgment, defendants filed two motions for protective orders to seal documents pertaining to UCC liens wrongfully filed by other prisoners, to support their claim that the actions taken

against plaintiff were proper. (Dkt. 26, 30). The Court ordered plaintiff to respond to defendants' motions for protective orders by June 27, 2008 and July 7, 2008, respectively. (Dkt. 27, 31). Plaintiff filed a response to only one of the motions for protective order. (Dkt. 33).

## II.  DISCUSSION

Local Rule 5.3(b) authorizes the Court to seal documents in a civil matter, when sealing is not otherwise authorized by statute or rule. Defendants ask this Court for protective order to seal two groups of documents. The first group is comprised of copies of the UCC documents that plaintiff was not permitted to have, and the second group of documents is comprised of representative samples of fraudulent UCC liens filed against various government employees and officials. (Dkt. 26, 30). Defendants assert that these documents should be sealed in order to "preserve the security and good order of the prisons by protecting the confidentiality of information sources and preventing retaliation." (Dkt. 26).

In response, plaintiff argues that the documents proposed to be sealed by defendants are totally irrelevant to the issues in this case and should be stricken. (Dkt. 33). Plaintiff suggests that this Court should not judge his actions by the

wrongful actions of other prisoners, and thus, the material submitted by defendants is totally irrelevant and should be excluded. *Id*.

Plaintiff's arguments are better directed to defendants' motion for summary judgment, rather than in the context of these motions for protective orders. At this time, and for purposes of the motions for protective orders, the Court need not determine the relevance, admissibility, or the extent to which the Court may or may not later rely on the sealed documents when deciding defendants' motion for summary judgment. Rather, the Court need only determine whether defendants have shown good cause for the protective order. This District has previously determined that similar "sensitive UCC" documents are appropriately sealed in prisoner civil rights action alleging improper confiscation of UCC documents. *See*, *Jones v. Michigan Dep't of Corrections*, 2007 WL 2875173, *1 (E.D. Mich. 2007). Thus, the Court concludes that the documents at issue here should be sealed and, therefore, **GRANTS** defendants' motions protective orders.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as

error any defect in this Order to which timely objection was not made.
Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: September 11, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

# CERTIFICATE OF SERVICE

  I certify that on <u>September 11, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Christine M. Campbell</u>. I also certify that I have mailed, by United States Postal Service, the foregoing paper to the following non-ECF participants: <u>William Friske, Jr., # 236923, Parnall Correctional Facility, 1790 E. Parnall, Jackson, MI 49201-7139</u>.

                  s/James P. Peltier
                  Courtroom Deputy Clerk
                  U.S. District Court
                  600 Church Street
                  Flint, MI 48502
                  (810) 341-7850
                  pete_peltier@mied.uscourts.gov