UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM GENTRY FRISKE, JR.,

                                        Case No. 07-13747

        Plaintiff,

v.                                       Gerald E. Rosen
                                       United States District Judge

WARDEN SCUTT, *et al*,

                                        Michael Hluchaniuk
        Defendants.                 United States Magistrate Judge

_____/

**ORDER STRIKING PLAINTIFF'S PETITION FOR**
**HABEAS CORPUS AND INDEX OF ATTACHMENTS**

Plaintiff, William Friske, Jr., a prisoner in the custody of the State of

Michigan filed a complaint pursuant to 42 U.S.C. § 1983 against defendants,

alleging that they violated his constitutionally rights. (Dkt. 1). On October 5,

2007, plaintiff filed an amended complaint, as of right, which was the complaint

served on defendants. (Dkt. 6). On September 3, 2008, plaintiff filed a "Request

for Restraining Order and Amended Complaint," which the Court has interpreted

to be a motion to amend the his complaint a second time. (Dkt. 39). On

September 16, 2008, plaintiff filed a "supplemental brief" in support of his motion

to amend complaint and to request "injoinder," which the Court interprets to be a

supplemental brief in support of his motion to amend the complaint. (Dkt. 41).

1

Also on September 16, 2008, plaintiff filed a petition for habeas corpus and an "index of attachments." (Dkt. 42, 43). By separate order, the Court ordered defendants to respond to plaintiff's motion to amend the complaint. (Dkt. 44). On review of the petition for writ of habeas corpus and the "index of attachments," the Court finds them entirely immaterial to instant lawsuit and, as set forth below, strikes them from this matter.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Courts disfavor striking pleadings because it "proposes a drastic remedy." *Wrench LLC v. Taco Bell Corp.*, 36 F.Supp.2d 787, 789 (W.D. Mich. 1998) (quoting, *Resolution Trust Corp. v. Vanderweele*, 833 F.Supp. 1383, 1387 (N.D. Ind. 1993). Striking a pleading is a drastic remedy that should be used sparingly and only when the purposes of justice require. *Driving School Assoc. of Ohio v. Shipley*, 2006 WL 2667017, *1 (N.D. Ohio 2006) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

However, the Court has "liberal discretion" to strike such filings as it deems appropriate under Rule 12(f). *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000); 2 Moore's Federal Practice § 12.37 (3d ed. 2002). Notably, Rule 12(f)

authorizes the Court to strike a filing on its own initiative. *Deluca v. Blue Cross Blue Shield of Michigan*, 2007 WL 1500331, *1 (E.D. Mich. 2007).

In this civil rights case, plaintiff filed a petition for writ of habeas corpus. As the Supreme Court held long ago, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Striking a pleading is appropriate where the requested relief is unavailable. *Stanbury*, 221 F.3d at 1063, citing, *Brokke v. Stauffer Chem. Co.*, 703 F.Supp. 215, 222-23 (D. Conn. 1988) (striking plaintiff's request for punitive damages under Employee Retirement Income Security Act of 1974). Given that the relief requested in plaintiff's petition for writ of habeas corpus is unavailable in this civil rights action, it will be **STRICKEN**.

Next, plaintiff filed an "index of attachments." (Dkt. 42). It is, however, unclear to what these documents are purportedly attached. They include a Freedom of Information Act request to, and a response from, the National Security Division of the U.S. Department of Justice, a power of attorney that plaintiff purported granted to himself, a "special appearance" filed by plaintiff in a 2002 state court matter pending in the Oakland County Circuit Court, an accompanying

3

"letter rogatory" and "1776 Codicil," plaintiff's affidavits regarding his denial that various government instrumentalities are "corporate fictions" and do not exist, a UCC financing statement, copyright notice, security agreement, indemnity bond, and an order from the Oakland County Circuit Court in the above-referenced matter denying plaintiff's motion for "special appearance." (Dkt. 42). The Court is unable to discern how any of these documents are remotely material to any issues currently pending in the matter before the Court. Thus, they are **STRICKEN** from the record in this matter.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

s/Michael Hluchaniuk
Date: September 17, 2008          Michael Hluchaniuk
                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on <u>September 17, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Christine M. Campbell</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>William Friske, Jr., # 236923, Parnall Correctional Facility, 1790 E. Parnall, Jackson, MI 49201-7139</u>.

<u>s/James P. Peltier</u>
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov