UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM GENTRY FRISKE, JR.,

   Plaintiff,        Case No. 07-13747

v.              Gerald E. Rosen
               United States District Judge
WARDEN SCUTT, *et. al.*,
               Michael Hluchaniuk
   Defendants.      United States Magistrate Judge
_____/

**ORDER DENYING MOTION TO AMEND COMPLAINT (Dkt. 39, 41)
AND ORDER REGARDING PLAINTIFF'S ACCESS TO COPYING**

**I. PROCEDURAL HISTORY**

Plaintiff, William Friske, Jr., a prisoner in the custody of the State of Michigan, filed an amended complaint pursuant to 42 U.S.C. § 1983 against defendants, alleging that they violated his constitutional rights. (Dkt. 1, 6).[1] Plaintiff complains that his legal materials were improperly confiscated and destroyed by prison officials because they were "Uniform Commercial Code"

---

[1] Plaintiff's original complaint (Dkt. 1) was in the form of a motion for preliminary injunction. On October 5, 2007, plaintiff filed a motion to amend the preliminary injunction, add defendants, and assert his claims for retaliation. (Dkt. 6). This submission was treated, at least in part, as plaintiff's first amended complaint. *Id.*

1

materials. (Dkt. 1, p. 5). In his motion to amend the complaint a second time, and the supplemental motion to amend, plaintiff names additional prison officials as defendants and alleges that these prison officials have, on multiple occasions, prevented him from making copies for filings in this case. (Dkt. 39, 41). The Court ordered defendants to respond to plaintiff's motion to amend by October 3, 2008. (Dkt. 44). Defendants filed a response asserting that plaintiff's proposed amended complaint, which is based on conduct by different defendants, violates Federal Rule of Civil Procedure 20. (Dkt. 49). Defendants further argue that the incidents about which plaintiff complains in his proposed amended complaint have not been exhausted as required under the Prison Litigation Reform Act. *Id*.

**II. DISCUSSION**

    A.    <u>Plaintiff Cannot Add Unexhausted Claims Involving Events That Occurred After This Suit Was Filed</u>.

Where "no defendant has yet filed a responsive pleading to the original complaint," a plaintiff is "entitled to amend his complaint as of right pursuant to Fed.R.Civ.P. 15(a)." *Reynolds-Bey v. Harris-Spicer*, 2007 WL 1063304, *1 (W.D. Mich. 2007); *see also Sousa v. Ferguson*, 2005 WL 1796131 (W.D. Mich. 2005) (An "amendment as of right under Fed.R.Civ.P. 15(a) can be forestalled only by

the service of a 'responsive pleading,'" and "a motion to dismiss or for summary judgment is not considered to be a 'responsive pleading' for the purposes of Rule 15(a)."). Here, defendants have not filed a responsive pleading; rather, they have only filed a motion for summary judgment. Thus, ordinarily, plaintiff would be able to amend his complaint without leave of the Court.

Despite the provision in Rule 15(a)(1)(A) that a party may amend its pleading once as a matter of course before being served with a responsive pleading, "the Court is not required to allow amendments that assert obviously frivolous claims or claims that could not withstand a motion to dismiss." *Griffith v. Whitesell*, 2008 WL 3852415, *5 (M.D. Tenn. 2008), citing, *Neighborhood Development v. Advisory Council, Etc.*, 632 F.2d 21, 23 (6th Cir. 1980). Further, as noted by the *Griffith* court, 28 U.S.C. § 1915(e)(2) mandates that the court "shall dismiss the case at any time" if the court determines that "the action fails to state a claim on which relief may be granted." *Id*. And, although failure to exhaust is now deemed to be an affirmative defense, *see Jones v. Bock*, --- U.S. ----, 127 S.Ct. 910, 920-921 (2007), the Court may dismiss a claim for failure to exhaust *sua sponte* when the defect appears on the face of the complaint. Indeed, "the patent failure to exhaust, apparent in the face of the proposed supplemental pleading, is

a[n]...independent reason to deny leave to supplement or amend the complaint." *Green v. Tudor*, 2008 WL 1732959, *2 (W.D. Mich. 2008).[2] In this case, plaintiff specifically alleges in his proposed amended complaint that the new claims that he would like to add to this case involve a grievance that was initiated long after this lawsuit was filed, and for which the grievance process has not yet been completed. (Dkt. 41, p. 16 (Step I grievance filed on 6/11/08); p. 18 (Step III grievance submitted on an unknown date and no response yet received)). It is, therefore, readily apparent from the face of the proposed amended complaint that plaintiff did not exhaust his administrative remedies before the instant suit was filed and, under applicable law in this circuit, the new claims may not proceed in this case. *See, e.g. Utley v. Campbell*, 84 Fed.Appx. 627, *2 (6th Cir. 2003) (The district court properly concluded that the plaintiff "had not exhausted his administrative

---

[2] *See also*, *Deruyscher v. Michigan Dep't of Corrections Health Care*, 2007 WL 1452929, *2 (E.D. Mich. 2007) (Prisoner complaints may still be subject to *sua sponte* dismissal for failure to exhaust administrative remedies.); *Spaulding v. Oakland Co. Jail Medical Staff*, 2007 WL 2336216, *3 (E.D. Mich. 2007) (Where it is clear from the face of the complaint that a plaintiff failed to properly exhaust his administrative remedies in accordance with the applicable grievance policy, the plaintiff's complaint is subject to *sua sponte* dismissal for failure to state a claim pursuant to *Jones v. Bock*.); *Leary v. A.R. U.S. Conerly*, 2007 WL 1218952 (E.D. Mich. 2007) (lack of exhaustion was obvious from the face of a pleading and requiring the defendant to file a motion to dismiss for failure to exhaust would be a waste of defendants' and the court's time and resources.).

grievances of the claims he sought to add until after this case was filed, and therefore they could not be appended to this litigation."); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Vandiver v. CMS, Inc.*, 2007 WL 2746815, *1 (W.D. Mich. 2007) (The plaintiff's proposed amended complaint was rejected because it was "based upon...additional grievances," for which the underlying events "did not occur until after plaintiff filed the present suit."). Therefore, plaintiff's motion to amend his complaint is denied.

    B.    <u>Improper Joinder</u>

As set forth above, defendants also argue that plaintiff seeks to join claims and parties improperly under Rule 20(a)(2), which provides in part that all "persons...may be joined in one action as defendants if ... any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Two questions are raised by defendants' argument. The first is whether misjoinder can provide a basis for the Court to disallow an amendment as of right and the second is whether the proposed parties and claims would be properly joined to the instant case. In light of the Court's conclusion above that

5

plaintiff cannot bring unexhausted claims or claims involving incidents that occurred after this suit was filed, the Court need not necessarily reach these two issues. The Court deems it appropriate to address the first issue, but not the second.

Defendants have not cited any authority standing for the proposition that the Court may disallow an amendment as of right based on a violation of Rule 20 in the proposed amended complaint. As set forth above, in spite of the permissive language in Rule 15(a)(1)(A) that a party may amend its pleading once as a matter of course before being served with a responsive pleading, "the Court is not required to allow amendments that assert obviously frivolous claims or claims that could not withstand a motion to dismiss." *Griffith*, at *5. Improper joinder under Rule 20 is not, however, a proper basis for dismissal, nor does it appear to render a claim frivolous. This is so because Rule 21 specifically prohibits dismissal based on misjoinder:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed.R.Civ.P. 21. Thus, misjoinder alone does not appear to satisfy the *Griffith* test set forth above. The Court does not decide whether the parties and claims sought to be added through plaintiff's proposed amended complaint would be improperly joined to the current controversy. Rather, based on the foregoing, the Court concludes that any potential misjoinder of parties or claims does not provide a basis to preclude plaintiff from amending his complaint as of right.

## III. CONCLUSION AND RELIEF

Based on the foregoing, the Court **DENIES** plaintiff's motion to amend his complaint. The Court is concerned, however, about plaintiff's allegations, which appear to be based in fact, as set forth in the grievance responses attached to his proposed amended complaint, that prison officials have denied him the ability to make the appropriate copies for his filings in this case. Thus, the Court further **ORDERS** that defendants' counsel ensure that plaintiff has the opportunity to make copies for his filings in this case.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any

defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: November 6, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on <u>November 6, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Christine M. Campbell</u>. I also certify that I have mailed, by United States Postal Service, the foregoing paper to the following non-ECF participants: <u>William Friske, Jr., # 236923, Parnall Correctional Facility, 1790 E. Parnall, Jackson, MI 49201-7139</u>.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov